UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BETTY MAE SEMENIUK,

        Debtor,

Case No. 10-44396
Chapter 7
Hon. Walter Shapero

_____/

JOHN TWEEDIE,

        Plaintiff,

v.

Adversary No. 10-05605

BETTY MAE SEMENIUK,

        Defendant.

_____/

**OPINION DENYING DEFENDANT'S MOTION TO ALTER OR AMEND ORDER AND MOTION FOR RECONSIDERATION (Docket No. 44)**

On July 17, 2012, the Court entered the Order Granting Plaintiff's Motion for Partial Summary Judgment and Determining Non-Dischargeable Debt (Docket No. 43) ("July 17th Order"). Defendant timely responded by filing her motion (1) to alter or amend the July 17th Order under Fed.R.Bankr.P. 9023 and (2) for reconsideration of the July 17th Order via E.D. Mich. LBR 9024-1[1].

As for the initial aspect of Defendant's motion, Fed.R.Bankr.P. 9023 adopts Fed.R.Civ.P. 59(e), which pertains to altering or amending a final order, such as the July 17th Order. See Fayetteville Investors v. Commercial Builders, Inc., 936 F.2d 1462, 1472 (4th Cir. 1991) ("Rule 59(e) . . . applies only to final judgments."); see generally United States v. Hess, 982 F.2d

---

[1] "Motions for reconsideration . . . are traditionally treated in one of two way [sic]: (1) as a Motion to Alter or Amend under Bankruptcy Rule 9023 if the motion is filed within 14 days of the rendition of the court's decision; or (2) if filed after 14 days, as a Motion for Relief from Judgment under Bankruptcy Rule 9024." In re Russell, 448 B.R. 212, 215 (Bankr. N.D. Ohio 2011) (citations omitted); see also Hogan v. Dicicco (In re Hogan), 79 Fed. Appx. 846, 848 (6th Cir. 2003) (citations omitted).

181, 184 (6th Cir. 1992) ("A final order is usually defined as 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'") (quoting <u>Catlin v. United States</u>, 324 U.S. 229, 233 (1945)). In order to succeed under Fed.R.Bankr.P. 9023, and accordingly Fed.R.Civ.P. 59(e), Defendant has the heavy burden of showing that "there is a clear error of law, newly discovered evidence, an intervening change in controlling law, or [a need] to prevent manifest injustice." <u>Gencorp, Inc. v. Am. Int'l Underwriters</u>, 178 F.3d 804, 834 (6th Cir. 1999) (identifying necessary showing) (citations omitted); <u>see also</u> <u>In re Russell</u>, 448 B.R. 212, 215 (Bankr. N.D. Ohio 2011) (indicating a movant's "heavy" burden) (citation omitted). Although Defendant asserts that alteration or amendment of the July 17th Order is necessary, she presents no substantive argument to support the assertion. Accordingly, she does not carry her burden, and that portion of the motion must be denied.

Defendant's only substantive argument supports the second aspect of her motion for reconsideration under LBR 9024-1. Under LBR 9024-1(a)(3), Defendant must "not only demonstrate a palpable defect by which the court and the parties have been misled but also show that a different disposition of the case must result from a correction thereof." "A palpable defect is a defect which is obvious, clear, unmistakable, manifest, or plain." <u>51382 Gratiot Ave. Holdings, LLC v. Chesterfield Dev. Co.</u>, 2012 U.S. Dist. LEXIS 8028, at *7-8 (E.D. Mich. 2012) (internal punctuation marks omitted and quoting <u>Chrysler Realty Co. v. Design Forum Architects, Inc.</u>, 544 F. Supp. 2d 609, 618 (E.D. Mich. 2008)). LBR 9024-1(a)(3) makes clear that "a motion for reconsideration that merely presents the same issues ruled upon by the court, either expressly or by reasonable implication, will not be granted."

In her motion, Defendant argues for five specific grounds upon which the Court should recognize a palpable defect in the July 17th Order:

(1) Neither the Arbitrator's Findings of Fact nor the Bankruptcy Court in the Hermoyian Matter made any material finding of fact that Defendant, Plaintiff and Hermoyian entered into a business relationship and that Tweedie borrowed funds from Alden State Bank to fund a "threesome's joint venture into the retail fruit juice market."

(2) Neither the Arbitration Award nor Hermoyian Opinion reached a clear, definite and unequivocal finding of justifiable reliance by Plaintiff as to Defendant.

(3) Plaintiff does not allege and has not provided factual support to demonstrate that Defendant owed Plaintiff a duty to disclose information; and to identify the specifics as to the sequence of time and nature of events participated in by Defendant that would support a finding of what Defendant knew and when she knew it.

(4) The Court erred in applying the Alter Ego Theory as between two individuals.

(5) The Defendant was precluded from appealing the state court Judgment for the reason that the Bankruptcy Court lifted the Automatic Stay on a limited Basis to permit only the entry of a judgment on the Arbitration and without right of further State Court Action.

Defendant's first four alleged grounds for reconsideration cannot reasonably be viewed as palpable defects worthy of granting her motion. "The purpose of a motion for reconsideration is 'not to give an unhappy litigant one additional chance to sway the judge.'" Fulghen v. Potter, 2011 U.S. Dist. LEXIS 18578, at *1 (E.D. Mich. 2011) (quoting Pakideh v. Ahadi, 99 F. Supp. 2d 805, 809 (E.D. Mich. 2000)). The first three arguments appear to be just that; one more attempt to sway this Court toward a favorable ruling. Either directly or by inference, the Court has already ruled on those matters. The fourth argument is misplaced as the present matter does not regard the alter ego theory

3

as understood in the conventional context of corporate law and a breach of a corporate veil, nor does it have anything to do with substantive consolidation. None of the first four arguments reveal a defect which is either obvious, clear, unmistakable, manifest, or plain. Those arguments therefore cannot be seen as platforms for granting reconsideration.

The fifth asserted ground falls short too. Defendant claims that the automatic stay precluded her from appealing the State Court judgment, and that consequently she has been deprived of her due process rights. In not so many words, that claim appears to challenge the characterization of the State Court judgment as a final judgment, which necessarily implies that this Court should not have found it to have a collateral estoppel effect in these proceedings. See generally Phillips v. Weissert (In re Phillips), 434 B.R. 475, 485 (B.A.P. 6th 2010) (recognizing that a Michigan state court judgment must be a final judgment in order for it to have a collateral effect in bankruptcy proceedings) (citations omitted). This Court, however, lifted the stay on August 10, 2010, for the expressed purpose of allowing for the conclusion of the State Court action. If for any reason Defendant understood the stay lift to deprive her of her due process rights, she could have, and should have, moved to broaden the stay lift in order to allow her to appeal. In nearly the two years that have passed since the State Court Judge rendered the judgment on November 8, 2010, Defendant has not once so acted. Moreover, at the hearing upon which this Court's July 17th Order derives, Defendant's attorney argued nothing regarding a deprivation of his client's due process rights. Instead, he unequivocally stated that collateral estoppel principles must be applied to the State Court judgment, but, with the caveat, only to the extent that the judgment is concise. If collateral estoppel principles must be applied to the State Court judgment in any respect, as Defendant argued, then it must logically follow that the judgment must be a final judgment, which

stands in direct opposition to what Defendant argues now.[2]  See Phillips, 434 at 485 (citations omitted).  Defendant cannot have it both ways.  A basis for granting reconsideration is not present here, and hence Defendant's motion must be, and is, denied.  An order being entered contemporaneously herewith so indicates.

**Signed on August 23, 2012**

                                                  **/s/ Walter Shapero**
                                        **Walter Shapero**
                                        **United States Bankruptcy Judge**

---

[2] The Bankruptcy Court in Tweedie v. Hermoyian (In re Hermoyian), 466 B.R. 348, 32 (Bankr. E.D. Mich. 2012), also found that the same State Court judgment at issue here is "a valid, final judgment" for purposes of determining whether a collateral estoppel effect derives therefrom.